### THOMAS FLETCHER v. WILLIAM W. MOORE.

*Escrow—Conditional sale of land.*

Where the only allegation of error is that the facts do not support the judgment, the Supreme Court will not entertain the objection that there is no regular finding.

42 MICH.—73.

A deed was deposited in escrow with a written agreement by the grantor that the sale might be abandoned if the title to be conveyed should not be found by the depositary to be a full title in fee simple and free from all encumbrances.  *Held* that this paper referred to the title as it stood when the arrangement in escrow was made, and did not bind the grantee to accept any future rectification.

Error to Wayne.  Submitted Jan. 16.  Decided Jan. 23.

ASSUMPSIT.  Plaintiff brings error.

*Stewart & Galloway* for plaintiff in error.

*Ward & Palmer* for defendant in error.  A sale conditioned on the satisfaction of a party cannot be enforced if he is not suited with it, *Gibson v. Cranage*, 39 Mich., 49.

CAMPBELL, J.  Fletcher sued Moore to recover the purchase price of certain land which he claimed to have sold to Moore.  Moore claimed a set-off for money advanced towards the purchase, which he insists failed.

The facts found were in substance as hereinafter set out.  An objection that there is no regular finding cannot be entertained, because the only error alleged is that the facts do not support the judgment.  The court allowed Moore a set-off as claimed of $200.

Fletcher and Moore agreed verbally for the sale of a parcel of land in Wayne county for $2700 cash.  A deed was made and left in escrow, with a written agreement from Fletcher, which is the only writing in evidence made by him to Moore except the deed.  In this writing he acknowledges receipt of $200 on account of the agreement of sale, and proceeds as follows: "A deed having been executed of said land by myself and wife to said Moore and left with Ward & Palmer awaiting the examination of the title of said parcel of land by said Ward & Palmer, the sale to be perfected if the title to be conveyed shall be found and appear to them to be a full title in fee simple, and free from all incumbrances, and shall so appear of record.  If the title is not found to be such, the sale to be abandoned and said sum returned. A deed executed by myself and wife to said Moore, of

the above described parcel of land is left with said Ward & Palmer for delivery, subject to the title being found satisfactory to them, to stand as security in the case the title shall not be accepted by them."

Ward & Palmer found a land contract on record made by Fletcher and wife to Samuel and Emma Briggs. The existence of such a contract, although not legally recorded, was admitted, but it was asserted to have been cancelled by mutual consent and the money refunded. Mr. Ward stated that he regarded that as a cloud upon the title, and defendant would not take it unless Ward was satisfied it was perfect. Fletcher proposed to turn out some securities, but Moore refused to accept anything but a clear title. Plaintiff sent to England for a quit-claim deed, but Mr. Ward refused to accept it, claiming the sale had been abandoned. Plaintiff was informed that the title was not satisfactory when the contract was discovered, as well as when he offered to give security, and not being perfected up to that time negotiations were abandoned.

The quit-claim was made by Mrs. Briggs on her own behalf and as administratrix of her deceased husband. The administration is a foreign administration.

It is not important to inquire to what extent this quit-claim may have operated to terminate or affect the contract made to Mr. and Mrs. Briggs. The only written contract made by Fletcher, and therefore the only agreement which bound him under the statute of frauds, referred to the title as it stood when this arrangement in escrow was made, and did not bind him to make or Moore to accept any future rectification. The title was not to be forced upon Moore unless approved by Ward & Palmer. They disapproved it, for good reasons, and Moore had a right to regard the agreement as ended, and reclaim his advance of $200.

The judgment below was correct, and must be affirmed with costs.

The other Justices concurred.